## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005,<br><br>*Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF ENERGY,<br>1000 Independence Avenue SW<br>Washington, DC 20024,<br><br>CHRIS WRIGHT, in his official capacity as<br>Secretary of Energy<br>1000 Independence Avenue SW<br>Washington, DC 20024<br>*Defendants*. | Case No. 25-cv-2981 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### INTRODUCTION

1.      This case concerns the Department of Energy's unlawful attempt to circumvent its obligations to individuals and entities—including Plaintiff—who have properly sought public records from the agency under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

2.      Lacking any legal basis, the Department of Energy ("DOE") issued a notice on August 14, 2025, improperly shifting to FOIA requesters the burden of ensuring that their duly submitted requests are processed. For requesters lucky enough to receive a copy of this notice, DOE provided one month to take affirmative action—an action not required by law nor permitted under FOIA—to notify the agency it should keep open requests that have already been pending for at least eleven months, if not longer. Requesters who do not receive or otherwise see a copy of

the notice will be out of luck, as DOE will simply close their requests when the one-month deadline comes and goes without word from those requesters.

3.    Specifically, DOE acted in excess of the statutory authority granted to it by Congress when it published the August 14, 2025 notice of a final agency action requiring requesters with FOIA request(s) submitted prior to October 1, 2024, and currently pending with DOE's Headquarters, to affirmatively e-mail DOE within 30 days of the date of the notice (i.e., September 15, 2025) if they wish for their requests to remain open.

4.    In addition to exceeding its authority under FOIA, DOE's failure to provide a notice-and-comment period prior to issuing the notice violates the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 *et seq.*, because the notice is a final agency action that alters the rights and interests of impacted FOIA requesters.

5.    Although DOE represents that the agency action is necessary to increase efficiency and reduce a backlog of requests, it will affect untold numbers of individuals and entities who properly sought public records from DOE under FOIA—including Plaintiff, which submitted more than 150 requests in the relevant time period. Moreover, it flies in the face of the policy underpinning FOIA, which reflects Congress' determination that the "ultimate policy of open government should take precedence" over the burden that "the number of requests for information may pose . . . on agencies." *See Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989) and *Dep't of the Air Force v. Rose,* 425 U.S. 352, 361 (1976)).

6.    If DOE is permitted to move forward with its unlawful plans, then on September 16, 2025, for any impacted FOIA request for which it has not received affirmative notice from the

requester, the agency will "take no further action" on the requests and may administratively close them.

7.      But DOE has no legal authority to close those requests, and doing so will contravene the agency's statutory obligations to process proper requests under FOIA.

8.      The August 14, 2025 Notice has required and will continue to require Plaintiff to divert staff resources from essential activities.

9.      If DOE moves forward in implementing the August 14, 2025 Notice, requesters, including Plaintiff, will be harmed by the reclassification or closure of their requests, including the loss of their right to appeal functional denials improperly framed as inactive requests or "administrative closures."

10.     Plaintiff respectfully requests that this Court issue a declaration that DOE's agency action violates FOIA and the APA, that it set aside the action because it is arbitrary, capricious, and was issued not in accordance with law, and enjoin Defendants from implementing the August 14, 2025 Notice.

## JURISDICTION AND VENUE

11.     This Court has personal and subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701, *et seq.*, the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.     This Court has jurisdiction to review final agency action pursuant to the APA, 5 U.S.C. § 702 ("[a] person suffering a legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof.").

13.     Venue is proper in this district pursuant to 5 U.S.C. § 703 and 28 U.S.C. § 1391(e).

**PARTIES**

14.     Plaintiff American Oversight is a nonpartisan, non-profit corporation organized under section 501(c)(3) of the Internal Revenue Code and incorporated under the laws of the District of Columbia. It is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and requests made under FOIA, 5 U.S.C. § 552, American Oversight uses the information it gathers, and its analysis of that information, to educate the public about the activities and operations of the federal government—including DOE—through reports, published analyses, press releases and other media.

15.     American Oversight regularly advises entities including organizations, community groups, and individual requesters who are seeking guidance with FOIA requests and in communicating with federal agencies.

16.     As part of its work, American Oversight has submitted FOIA requests to DOE, including more than 150 requests submitted prior to October 1, 2024.

17.     American Oversight intends to continue seeking records from the agency in the future.

18.     Defendant U.S. Department of Energy is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of FOIA, 5 U.S.C. § 552(f)(1), and the APA, 5 U.S.C. § 551(1).

19.     Defendant Chris Wright is the Secretary of Energy and is sued in his official capacity.

## LEGAL FRAMEWORK

### Freedom of Information Act

20.    FOIA is the statutory scheme that governs access to public documents within the custody and control of federal agencies. *See generally* 5 U.S.C. § 552.

21.    Congress enacted FOIA with the objective "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny," to "permit access to official information long shielded unnecessarily from public view," and to create a "judicially enforceable public right to secure such information from possible unwilling official hands." *Dep't of Air Force v. Rose*, 425 U.S. at 360–61 (internal quotations omitted).

22.    FOIA provides duties for agencies subject to the Act, including what records must be disclosed, what information may be deemed exempt from disclosure, and under what timelines an agency is required to respond to a request. *See generally* 5 U.S.C. § 552.

23.    For example, when an agency receives a request for records under FOIA, it is required to, within 20 working days, determine how it will respond to the request and to notify a requester of the agency's determination. 5 U.S.C. § 552(a)(6)(A).

24.    FOIA provides just three exceptions to this 20-day rule.

25.    First, the agency "may make one request to the requester for information and toll the 20-day period while it is awaiting such information that it has reasonably requested from the requester under this section[.]" 5 U.S.C. § 552(a)(6)(A)(ii)(I).

26.    Second, the agency may toll the 20-day period "if necessary to clarify with the requester issues regarding fee assessment." *Id.* § 552(a)(6)(A)(ii)(II).

27.    Neither of these exceptions allows the agency to permanently close an otherwise proper request. To the contrary, "[i]n either case, the agency's receipt of the requester's response

to the agency's request for information or clarification ends the tolling period." *Id.* § 552(a)(6)(A)(ii)(II).

28.    Third, in limited "unusual" or "exceptional" circumstances—including when an agency must engage an off-site component to process the request, when it must search for and examine voluminous separate and distinct records, or when it must consult with another agency that has a substantial interest in the request—an agency may extend by written notice to the requester the time limit required to respond to the request by ten additional working days. 5 U.S.C. § 552(a)(6)(B)-(C).

29.    Notably, the "exceptional circumstances" provision of FOIA explicitly prohibits an agency from invoking "exceptional circumstances" for a delay resulting from "a predictable agency workload of requests . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii).

30.    FOIA's definition of "exceptional circumstances" does not provide any scenario in which an agency may close an otherwise proper request. *See id.*

31.    In fact, FOIA does not contemplate any circumstances under which an agency may close a proper FOIA request. *See generally* 5 U.S.C. § 552.

32.    Further, FOIA does not contemplate any circumstances under which an agency can close a proper FOIA request if a requester does not affirmatively ask that the agency keep its request open. *See generally id.*

33.    Agencies are permitted to promulgate regulations to implement certain provisions of FOIA consistent with Act's existing requirements. *See, e.g.*, 5 U.S.C. § 552(a)(4)(A)(i) ("[E]ach agency shall promulgate regulations, pursuant to notice and receipt of public comment, specifying the schedule of fees applicable to the processing of requests . . ."); 5 U.S.C. § 552(a)(6)(B)(iv)

("Each agency may promulgate regulations, pursuant to notice and receipt of public comment, providing for the aggregation of certain requests by the same requestor, or by a group of requestors acting in concert, if the agency reasonably believes that such requests actually constitute a single request, which would otherwise satisfy the unusual circumstances specified in this subparagraph, and the requests involve clearly related matters.").

34.    The Department of Energy has promulgated FOIA regulations at 10 C.F.R. part 1004.

35.    Under 10 C.F.R. § 1004.4(a), "[a] request for a record of DOE which is not available for public inspection in an electronic format, as described in § 1004.3, shall be: Addressed to the Headquarters or appropriate field FOIA Officer at DOE at a location listed in § 1004.2(h), and both the envelope and the letter shall be clearly marked 'Freedom of Information Act Request;' or submitted via facsimile or electronically, on an appropriate agency Web site."

36.    In turn, 10 C.F.R. § 1004.2(h) lists mailing addresses for 19 different FOIA officers. These include Headquarters (1000 Independence Avenue SW., Washington, DC 20585) and 18 other FOIA officers for various Department locations, from the Bonneville Power Administration in Portland, Oregon to the Western Area Power Administration in Lakewood, Colorado. *See* 10 C.F.R. §§ 1004.2(h)(1)-(19).

37.    DOE's FOIA website provides that requesters may "[c]omplete and submit your FOIA request electronically through FOIA.gov." *See* U.S. Dep't of Energy, Freedom of Information Act, https://www.energy.gov/gc/freedom-information-act (last visited Aug. 29, 2025).

38.    FOIA.gov is a federal government website that permits requesters to submit FOIA requests to various federal agencies, including DOE headquarters and components, via a web form.

39.     The web form includes a field for requesters to provide an e-mail address, but the field is not required.

40.     The form also includes optional fields for phone number, fax number, and mailing address. The form states, "In order for us to communicate with you about your request, you must provide at least one form of contact information."

## Administrative Procedure Act

41.     The APA provides the framework governing the process by which agencies may implement regulations and take other agency actions pursuant to powers delegated to them by Congress. 5 U.S.C. §§ 553 *et seq.*

42.     Congress enacted the APA "to introduce greater uniformity of procedure and standardization of administrative practice among the diverse agencies whose customs had departed widely from each other," *Wong Yang Sung v. McGrath*, 339 U.S. 33, 41 (1950), *modified on other grounds,* 339 U.S. 908 (1950), and to serve "as a check upon administrators whose zeal might otherwise have carried them to excesses not contemplated in legislation creating their offices," *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 391 (2024) (quoting *U.S. v. Morton Salt Co.*, 338 U.S. 632, 644 (1950)).

43.     A "rule" is "the whole or a part of an agency statement of general or particular applicability and future effect designed to implement, interpret, or prescribe law or policy or describing the organization, procedure, or practice requirements of an agency . . . ." 5 U.S.C. § 551(4).

44.     In general, a "notice of proposed rule making shall be published in the Federal Register," after which "the agency shall give interested persons an opportunity to participate in the

rule making through submission of written data, views, or arguments with or without opportunity for oral presentation." 5 U.S.C. §§ 553(b), (c).

45.    The APA allows final rules without notice-and-comment rulemaking in two situations: "(A) interpretative rules, general statements of policy, or rules of agency organization, procedure, or practice," and "(B) when the agency for good cause finds (and incorporates the finding and a brief statement of reasons therefor in the rules issued) that notice and public procedure thereon are impracticable, unnecessary, or contrary to the public interest." 5 U.S.C. § 553(b).

46.    A legislative rule is a rule that is "issued through the notice-and-comment process" and has the "'force and effect of law.'" *Perez v. Mortg. Bankers Ass'n*, 575 U.S. 92, 96 (2015) (quoting *Chrysler Corp. v. Brown*, 441 U.S. 281, 302–303 (2015)).

47.    Substantively, a legislative rule "is one that does more than simply clarify or explain a regulatory term, or confirm a regulatory requirement, or maintain a consistent agency policy." *Mendoza v. Perez*, 754 F.3d 1002, 1021 (D.C. Cir. 2014) (quotation omitted).

48.    A rule is legislative if it "supplements a statute, adopts a new position inconsistent with existing regulations, or otherwise effects a substantive change in existing law or policy." *Id.* (citations omitted).

49.    The notice and comment provisions of the APA required for legislative rules serve "the salutary purposes of (1) 'ensur[ing] that agency regulations are tested via exposure to diverse public comment, (2) ensur[ing] fairness to affected parties, and (3) [giving] affected parties an opportunity to develop evidence in the record to support their objections to the rule and thereby enhance the quality of judicial review.'" *AFL-CIO v. Chao*, 496 F. Supp. 2d 76, 91 (D.D.C. 2007)

(quoting *Int'l Union, United Mine Workers of Am. v. Mine Safety and Health Admin.*, 407 F.3d 1250, 1259 (D.C. Cir. 2005)).

50.    A procedural rule not subject to notice-and-comment rulemaking is a rule that is "primarily directed toward improving the efficient and effective operations of an agency, not toward a determination of the rights [or] interests of affected parties." *Mendoza*, 754 at 1023 (quoting *Batterton v. Marshall*, 648 F.2d 694, 702 n. 34 (D.C. Cir. 1980)).

51.    Further, a procedural rule does not "alter the rights or interests of parties, although [it] may alter the manner in which the parties present themselves or their viewpoints to the agency." *Mendoza*, 754 F.3d at 1023 (quoting *Batterton,* 648 F.2d at 707).

52.    The exception Congress included for procedural rules is "narrowly construed and cannot be applied 'where the agency action trenches on substantial private rights and interests.'" *Mendoza*, 754 F.3d at 1023 (internal citation omitted) (quoting *Batterton,* 648 F.2d at 708).

53.    Under the APA, "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

54.    An action considered an "agency action" for purposes of the APA includes "the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." 5 U.S.C. § 551(13).

55.    For An agency action to be considered final, and subject to judicial review, it "must (1) 'mark the consummation of the agency's decisionmaking process,' and (2) be an action 'by which rights or obligations have determined, or from which legal obligations will flow.'" *Am. Bar*

*Ass'n v. United States Dep't of Educ.*, 370 F. Supp. 3d 1, 20 (D.D.C. 2019) (quoting *Bennett v.*
*Spear*, 520 U.S. 154, 177-78 (1997).

56.    When an agency fails to engage in notice and comment procedures prior to issuing
a final agency action that substantively changes an affected party's rights or the agency's duties,
the agency action is subject to judicial review. *See, e.g.*, *UPMC Mercy v. Sebelius*, 793 F. Supp.
2d 62, 69-70 (D.D.C. 2011).

## FACTS

57.    On August 14, 2025, the Department of Energy published a notice of a forthcoming
agency action titled *Notice of the Department of Energy Freedom of Information Act (FOIA) "Still*
*Interested" Inquiry*. 90 Fed. Reg. 39187.

58.    The Notice applies to "requesters that are still interested in having DOE HQ process
FOIA request(s) filed . . . prior to October 1, 2024." *Id.*

59.    The Notice applies not only to FOIA requests submitted directly to DOE, but also
to "FOIA requests submitted to another agency, which were transferred to DOE and provided with
a DOE control number." *Id.*

60.    The Notice states that "[r]equesters who submitted a FOIA request to DOE HQ at
any time prior to October 1, 2024 (FY25), that is still open and is not under active litigation with
DOE (or another Federal agency) shall e-mail *StillInterestedFOIA@hq.doe.gov* to continue
processing of the FOIA request." *Id.*

61.    The Notice provides that "e-mail correspondence must include the specific DOE
HQ FOIA control number(s) (*e.g.,* HQ-2024-xxxxx-F) and a request that DOE HQ continue
processing the request(s)." *Id.*

62.     The Notice indicates that DOE "will only be accepting responses to this notice at the e-mail address provided," and "[r]esponses sent to any other e-mail address or via any other means may result in an inadvertent closure of the FOIA request(s)." *Id.*

63.     The Notice further provides that if DOE "does not receive a response from requesters within the 30-day time-period with a DOE control number, no further action will be taken on the open FOIA request(s), and the file may be administratively closed." *Id.*

64.     The Notice also indicates that DOE will issue e-mails to those impacted requesters with e-mail addresses on file, "referring requesters to this notice." *Id.*

65.     The Notice does not indicate that DOE will take any action to provide the Notice to requesters who do not have e-mail addresses on file with the agency.

66.     The Notice cites generally to FOIA at 5 U.S.C. § 552 as statutory authority for the Notice, but not to any specific provision of FOIA. *Id.*

67.     The Notice states it was issued to "increase efficiency, reduce the backlog of [FOIA] requests, and assist those requesters still interested in processing FOIA requests." 90 Fed. Reg. 39187.

68.     However, the Notice will only be affirmatively provided to requesters who submitted requests via e-mail. *Id.*

69.     The Notice does not provide that DOE will notify requesters who submitted requests by paper mail, fax, or web form prior to October 1, 2024, of the Notice. *Id.*

70.     Further, the Notice does not contemplate situations where a requester's e-mail address on file may not be the same address that a requester currently uses. *See id.*

71.     Nor does the Notice contemplate scenarios where a requester may not check the e-mail account associated with the e-mail on file in the timeframe required by the Notice. *Id.*

72.     The Notice does not provide data on how many requests in its current backlog were submitted by paper mail, fax, or web form as opposed to e-mail. *Id.*

73.     As described in the Notice, DOE will take no further action on and may administratively close any FOIA requests submitted by paper mail or fax prior to October 1, 2024. *Id.*

74.     If requesters who submitted FOIA requests by paper mail or fax prior to October 1, 2024, are not aware of the Notice in the Federal Register, they will not know to ask that DOE keep their FOIA requests open.

75.     Pursuant to the terms of the Notice, DOE will take no further action on their requests submitted prior to October 1, 2024.

76.     With regards to requests sent via paper mail, fax, or web form, DOE will not be able to address its stated goal of assisting requesters still interested in processing FOIA requests because those requesters will have received no notice of the agency action.

77.     The Notice does not provide reasoning to explain DOE's change in procedure in conflict with FOIA and its own regulations. *See id.*

78.     The Notice does not provide for a notice and comment period prior to closure of pre-October 1, 2024 requests. *See id.*

79.     The Notice does not indicate whether requesters will receive a notice from the agency when DOE closes pre-October 1, 2024 requests. *See id.*

80.     The Notice does not state any good cause for why notice and public procedure thereon would be impracticable, unnecessary, or contrary to the public interest. *See id.*

**American Oversight's FOIA Requests**

81.    As of October 1, 2024, Plaintiff had submitted approximately 5,900 FOIA requests to federal agencies.

82.    Of those requests, more than 150 were submitted to DOE prior to October 1, 2024.

83.    Of those more than 150 submissions, multiple requests are impacted by the August 14, 2025 Notice.

84.    Further, it is possible that one or more of those requests were transferred from another agency to DOE without that agency or DOE informing Plaintiff of the transfer.

85.    Plaintiff's activities have been impeded by DOE's agency action.

86.    Specifically, DOE's agency action has required Plaintiff to divert valuable staff time and resources from other essential activities.

87.    For example, DOE's agency action has required Plaintiff to allocate staff time to the review of pre-October 1, 2024 FOIA requests submitted to DOE to determine which are still awaiting a final response and are thus in danger of closure.

88.    In addition, DOE's agency action has required and will continue to require Plaintiff to allocate staff time to the review of pre-October 1, 2024 FOIA requests submitted to *other* agencies to see if Plaintiff is able to determine if those requests were transferred to the DOE and are thus in danger of closure.

89.    Further, DOE's agency action has required and will continue to require Plaintiff, whose staff regularly consults with and advises requesters on issues pertaining to FOIA, to allocate staff time to advise requesters impacted by the August 14, 2025 Notice.

90.    When DOE takes no further action on Plaintiff's pre-October 1, 2024 requests or administratively closes Plaintiff's pre-October 1, 2024 requests instead of providing responsive

documents, its withholding of information will impede Plaintiff's activities because Plaintiff will be unable to disseminate to the public the records it is otherwise entitled to under FOIA.

91.     Further, Plaintiff will be harmed because DOE's Notice does not contemplate providing notification of closure and appeal rights to requesters, including Plaintiff, whose requests will be considered inactive or administratively closed.

92.     Requesters—including Plaintiff—will be harmed when they are not afforded the opportunity, as preserved under FOIA, to challenge the agency's inaction on or closure of requests in a nonjudicial forum.

93.     The diversion of resources and prospective harm to Plaintiff are directly traceable to the August 14, 2025 Notice.

## CLAIMS FOR RELIEF

### Count One
### Violation of Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*,
### Agency Action Contrary to Law and in Excess of Statutory Authority (5 U.S.C. § 552)

94.     Plaintiff incorporates the allegations above by reference as if fully set forth herein.

95.     The Freedom of Information Act, 5 U.S.C. § 552, provides the exclusive list of acceptable agency responses to proper FOIA requests.

96.     The Act does not give agencies the discretion to close otherwise proper requests.

97.     Congress did not grant agencies authority in the Act to promulgate regulations or otherwise take action to close proper FOIA requests.

98.     DOE's August 14, 2025 Notice is a final "rule" and a final "agency action" under the Administrative Procedure Act.

99.     In promulgating final agency action in contravention of FOIA, DOE has acted and is acting in excess of the statutory authority granted to it by Congress.

100.    Under the Administrative Procedure Act, a court "shall . . . hold unlawful and set aside agency action, findings, and conclusions found to be . . . not in accordance with law." 5 U.S.C. § 706.

101.    An agency action setting forth mandatory post-submission actions that requesters must undertake on pain of the closure of proper FOIA requests is not in accordance with FOIA, 5 U.S.C. § 552, *et seq.*

102.    The closure of proper FOIA requests in not in accordance with FOIA, 5 U.S.C. § 552.

103.    The action is therefore contrary to law under the APA.

104.    Plaintiff has already been harmed by devoting time and resources to reviewing its pre-October 1, 2024 requests to determine which may be impacted.

105.    Plaintiff will be further harmed as a result of the closure of its pre-October 1, 2024 requests. In particular, Plaintiff's requests will be closed, potentially without notice to Plaintiff, and Plaintiff will not receive documents responsive to its properly submitted FOIA requests.

106.    Plaintiff does not have an adequate remedy at law to redress the violations alleged herein and therefore seeks declaratory relief providing (a) that the agency action is contrary to law within the meaning of 5 U.S.C. § 706; and (b) that the action was promulgated in violation of 5 U.S.C. § 553.

**Count Two**
**Violation of Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*,**
**Notice and Public Comment Provisions**

107.    Plaintiff incorporates the allegations above by reference as if fully set forth herein.

108.    DOE's August 14, 2025 Notice is a final "rule" and a final "agency action" under the Administrative Procedure Act.

109.    The August 14, 2025 Notice is a legislative rule under the APA because it alters the rights and interests of Plaintiff, which submits FOIA requests with the expectation that agencies will process those requests in accordance with the procedures and obligations provided under FOIA.

110.    Additionally, the August 14, 2025 Notice is a legislative rule because it effects a substantive change to DOE's existing law and policy, which requires the agency to provide responsive documents and/or a final determination on proper FOIA requests within statutorily mandated timeline.

111.    The August 14, 2025 Notice is unlawful because the Agency promulgated the rule without providing notice and opportunity for public comment as required by 5 U.S.C. §§ 553(a)-(d).

112.    The August 14, 2025 Notice does not meet any exception from notice and opportunity for public comment authorized by 5 U.S.C. § 553(b).

**Count Three**
**Violation of Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*,**
**Agency Action that is Arbitrary, Capricious, an Abuse of Discretion**
**and Otherwise Contrary to Law**

113.    Plaintiff incorporates the allegations above by reference as if fully set forth herein.

114.    A final agency action should be vacated if the promulgating agency failed to "examine the relevant data and articulate a satisfactory explanation for its action including a 'rational connection between the facts found and the choice made.'" *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) (quoting *Burlington Truck Lines v. United States*, 371 U.S. 156, 168 (1962)).

115.    Further, when an agency substantially alters its position, it must "supply a reasoned analysis for the change," *State Farm*, 463 U.S. at 42, and may not "depart from a prior policy *sub*

*silentio* or simply disregard rules that are still on the books." *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009).

116.    DOE did not articulate a satisfactory explanation for its August 14, 2025 Notice that included a rational connection between relevant data and its decision to take no further action or administratively close certain proper FOIA requests submitted prior to October 1, 2024.

117.    The August 14, 2025 Notice reflects a substantial shift in DOE's prior position of processing requests and issuing determinations under the obligations mandated by FOIA.

118.    The August 14, 2025 Notice disregards the text of FOIA and DOE's own regulations.

119.    The August 14, 2025 Notice is a final agency action that is arbitrary, capricious, an abuse of discretion, and otherwise not in accordance with law.

120.    The August 14, 2025 Notice did not address relevant data, including data pertaining to impacted requesters who submitted requests by paper mail, fax, web form, or other means, and how that data would impact the agency's stated goals.

121.    The agency action is irrational and arbitrary, and therefore unlawful under 5 U.S.C. § 706(2)(A).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

(1) A declaratory judgment that the August 14, 2025 Notice (a) is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and/or "in excess of statutory jurisdiction, authority, or limitations" and/or "without observance of procedure required by law" within the meaning of 5 U.S.C. § 706; and (b) was promulgated in violation of 5 U.S.C. § 553;

18

(2) A declaratory judgment that the administrative closure of or failure to continue processing any FOIA requests based on the August 14, 2025 Notice and a requester's failure to affirmatively state their continued interest is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and/or "in excess of statutory jurisdiction, authority, or limitations" and/or "without observance of procedure required by law" within the meaning of 5 U.S.C. § 706;

(3) An Order setting aside the August 14, 2025 Notice because it "is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and/or "in excess of statutory jurisdiction, authority, or limitations" and/or "without observance of procedure required by law" within the meaning of 5 U.S.C. § 706, and because the action was promulgated in violation of 5 U.S.C. § 553;

(4) An Order enjoining Defendants from closing any FOIA requests based on the August 14, 2025 Notice and a requester's failure to affirmatively state their continued interest;

(5) An Order awarding Plaintiff reasonable attorneys' fees and costs; and

(6) Such additional and other relief as the Court deems just and proper.


Dated: September 3, 2025                 Respectfully submitted,


                                         */s/ Loree Stark*
                                         Loree Stark
                                         D.C. Bar No. 90021926
                                         AMERICAN OVERSIGHT
                                         1030 15th Street NW, B255
                                         Washington, D.C. 20005
                                         (304) 913-6114
                                         loree.stark@americanoversight.org
                                         *Counsel for Plaintiff*